UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OPTINREALBIG.COM, LLC, | ) | Case No. 05-16304 HRT |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 05-16340 HRT |
| | ) | Chapter 11 |
| SCOTT ALLEN RICHTER, | ) | |
| | ) | Jointly Administered Case |
| Debtor. | ) | No. 05-16304 HRT |
| | ) | |

## ORDER DENYING MOTION TO STRIKE

This case comes before the Court on the *Appellee OptinRealBig.com, LLC's Motion to Strike Certain Items Designated in the Record on Appeal by Appellant Infinite Monkeys & Co., LLC* (docket #429) [the "Motion"].

The Court held a hearing in this matter on June 27, 2006. The Court has reviewed the pleadings in this matter, including the Motion and Infinite Monkeys & Co., LLC, *Response in Opposition to Appellee's Motion to Strike* (docket #432) [the "Response"].[1] The Court has considered the arguments of counsel, reviewed its file and, being informed in the matter, the Court is ready to make its ruling.

On November 21, 2005, the Court held a hearing on the *Joint Motion of Debtors, OptinRealBig.com, LLC, and Scott Allen Richter, to Dismiss Case for Good Cause* ["Motion to Dismiss"]. Infinite Monkeys & Co., LLC, ["Infinite"] opposed the Motion to Dismiss and, prior to the hearing, the parties had approximately two months within which to conduct discovery on that matter. On April 4, 2006, the Court entered its *Order Dismissing Chapter 11 Cases* ["Dismissal Order"]. Infinite has appealed the Dismissal Order to the District Court. OptinRealBig.com, LLC, ["Optin"] has filed the present Motion seeking to exclude, from the Record on Appeal in the District Court, items that were filed following the Court's November 21, 2005, hearing. The items that Infinite Monkeys has designated and that Optin seeks to exclude from the Record on Appeal [the "Disputed Items"] are items that were obviously not part of the hearing record. The Court did not find them relevant to the issues presented by the Motion to Dismiss and they are items that the Court did not consider in connection with its decision on

---

[1] Although, after reviewing the matter, this Court questions its authority to enter an order that would have the effect of limiting material available for review in the appeal being heard by the District Court, Infinite's Response did not raise any objection to this Court hearing the Motion.

ORDER DENYING MOTION TO STRIKE
Case No. 05-16304 HRT

the merits of the Motion to Dismiss. Nonetheless, Infinite Monkeys argues that the Disputed
Items should be part of the Record on Appeal as an aid to the District Court to give it a fuller
understanding of the case.

The process for designating the record and the issues on appeal is delineated in Rule
8006. It provides generally that an appellant is to designate the items to be included in the record
on appeal; file that designation with the clerk of the bankruptcy court; and serve a copy of that
designation upon the appellee. Thereafter, an appellee may similarly designate additional items
to be included in the record. FED. R. BANKR. P. 8006.[2] The plain language of Rule 8006 does
not explicitly state that items designated as being part of the record on appeal must have been
considered by the bankruptcy court in reaching its decision in the order being appealed.

There are cases that articulate the rule that the record on appeal from a bankruptcy court
to a district court should contain the material that was considered by the bankruptcy judge or that
had a bearing on the proceedings. *See, e.g., Food Distribution Center v. Food Fair, Inc. (In re
Food Fair, Inc.)*, 15 B.R. 569, 572 (Bankr. S.D. N.Y. 1981); *Nahodil v. Rodman (In re W.T.
Grant Co.)*, 432 F. Supp. 105, 106 (S.D. N.Y. 1977). Other Courts have said that "the record on
appeal should contain the documentation necessary to afford the reviewing court a complete
understanding of the case." *John P. Maguire & Co. v. Sapir (In re Candor Diamond, Corp.)*, 26

---

[2] The full text of Rule 8006 reads as follows:

Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of
an order granting leave to appeal, or entry of an order disposing of the last timely
motion outstanding of a type specified in Rule 8002(b), whichever is later, the
appellant shall file with the clerk and serve on the appellee a designation of the items
to be included in the record on appeal and a statement of the issues to be presented.
Within 10 days after the service of the appellant's statement the appellee may file and
serve on the appellant a designation of additional items to be included in the record on
appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant
shall file and serve a statement of the issues to be presented on the cross appeal and a
designation of additional items to be included in the record. A cross appellee may,
within 10 days of service of the cross appellant's statement, file and serve on the cross
appellant a designation of additional items to be included in the record. The record on
appeal shall include the items so designated by the parties, the notice of appeal, the
judgment, order, or decree appealed from, and any opinion, findings of fact, and
conclusions of law of the court. Any party filing a designation of the items to be
included in the record shall provide to the clerk a copy of the items designated or, if
the party fails to provide the copy, the clerk shall prepare the copy at the party's
expense. If the record designated by any party includes a transcript of any proceeding
or a part thereof, the party shall, immediately after filing the designation, deliver to the
reporter and file with the clerk a written request for the transcript and make
satisfactory arrangements for payment of its cost. All parties shall take any other
action necessary to enable the clerk to assemble and transmit the record.

FED. R. BANKR. P. 8006.

ORDER DENYING MOTION TO STRIKE
Case No. 05-16304 HRT

B.R. 844, 846 (Bankr. S.D. N.Y. 1983); *see, also, In re T. Michaelis Corvette Supplies, Inc.*, 14 B.R. 365, 367 (Bankr. N.D. Ohio 1981). Those cases generally do not attempt to set specific criteria for what should be included in a record on appeal, but they at least imply that counsel do not have unfettered discretion under Rule 8006 when it comes to designating items to be included in the record.

The Court believes that prudent counsel generally recognize the wisdom of not burdening a reviewing court with irrelevant material in the record. However, there may well be cases where a court must impose limitations. To the extent that such limitations are appropriate, they are more suitably applied by the reviewing court than by the court whose order is on appeal. All courts possess the inherent power to control the proceedings that occur in those courts. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). A trial court should be quite circumspect when it comes to entering an order that would impinge on the power and prerogatives of a reviewing court.

The following is a list of the specific Disputed Items:

| Doc. # | Date | Pleading or Order |
|--------|------|-------------------|
| 321 | 11/23/2005 | Motion for Rule 2004 Order to Require Debtor OptIn to Appear for Examination and Produce Documents Re: Objection to Claim of Infinite Monkeys |
| 325 | 11/29/2005 | Order Denying Motion for Rule 2004 Order and Holding Response Deadline in Abeyance |
| 337 | 12/20/2005 | Joint Motion for Authority to Place Settlement Funds in Escrow |
| 339 | 12/28/2005 | Order Approving Joint Motion for Authority to Place Settlement Funds in Escrow |
| 354 | 1/27/2006 | Motion to Require Adequate Disclosure of Escrow Disposition |
| 359 | 2/9/2006 | Second Motion to Require Adequate Disclosure by Debtors in Possession, and Request for Restriction on Use of Estate Assets |
| 360 | 2/13/2006 | Debtors' Response to Motion to Require Adequate Disclosure of Escrow Disposition |
| 376 | 2/21/2006 | Minutes of Proceeding (hearing on Motion to Require Adequate Disclosure of Escrow Disposition) |

... 

ORDER DENYING MOTION TO STRIKE
Case No. 05-16304 HRT

| 377 | 2/17/2006 | Infinite's Reply in Support of Motion to Require Adequate Disclosure or Escrow Disposition |
|-----|-----------|---------------------------------------------------------------------------|

The Court's Dismissal Order does somewhat more than dismiss the Debtors' bankruptcy cases. The natural consequence of dismissing a case is often that there are pending matters which become moot upon entry of the dismissal order. In these cases, there were several docket items pending action by the Court at the time the cases were dismissed.[3] The Court found that those matters became moot, therefore, the Court's Dismissal Order both Dismissed the Debtors' bankruptcy cases and denied seven pending matters as moot.

The Court has reviewed the above listed Disputed Items. All of the Disputed Items were filed after the November 21, 2006, hearing on the Motion to Dismiss and none of them was considered by the Court in its determination on the merits of the Debtors' Motion to Dismiss. However, two of the items, docket #354 and docket #359, are motions that the Court did consider in connection with the Dismissal Order, but only for the limited purpose of determining whether or not dismissal of the underlying bankruptcy actions served to moot the issues presented by those pending motions. Those two docket items were considered by the Court for reasons that were quite tangential to the merits of the Motion to Dismiss, but nonetheless, they were considered and they are properly part of the record of these proceedings. Those two motions relate to the Debtors' placement of settlement funds in escrow pending the Court's decision on the Motion to Dismiss and all of the remaining Disputed Items are related to those two motions with the exception of docket #321 and docket #325.[4] Thus, the only Disputed Items that were not considered by the Court, albeit for an extremely limited purpose, or related to items the Court considered, are docket #321 and docket #325.

---

[3] In order to facilitate settlement discussions, the Debtors and Microsoft asked this Court to extend Microsoft's deadline to file its proof of claim and to stay its proceedings with respect to Microsoft's Motion seeking dismissal of the case; Microsoft's motion seeking relief from the automatic stay; and Microsoft's nondischargeability complaint against Scott Richter. The Court granted that request and later, due to the pendency of the Motion to Dismiss, the Court continued to hold those matters in abeyance. Likewise, to save the parties and the Court the time, effort and expense of multiplying the proceedings, under the circumstances, the Court deferred holding hearings or taking other action on the Debtors' objection to Infinite's proof of claim, filed shortly before the November 21, 2006, hearing on the Motion to Dismiss, as well as items filed by Infinite and by Scott Richter subsequent to that November 21 hearing.

[4] Docket #321 was a motion seeking to conduct a 2004 examination of Optin in relation to Optin's objection to Infinite's proof of claim. That claim objection was filed one week prior to the hearing on the Motion to Dismiss. Docket #325 was the Court's order denying the 2004 exam motion without prejudice and extending Infinite's deadline to respond to the claim objection so that Infinite could do discovery with respect to that claim objection at a later time in the event that the Court denied the Motion to Dismiss.

ORDER DENYING MOTION TO STRIKE
Case No. 05-16304 HRT

The Court has also reviewed Infinite's *Notice of Appeal* ["Notice"] and *Appellant's Designation of Record and Statement of Issues on Appeal* ["Designation"]. It is not clear to this Court that all of the issues stated in Infinite's Designation were necessarily decided in the Dismissal Order. However, it is not the role of this Court to limit the matters which the District Court may consider in relation to this appeal. The District Court may or may not accept Infinite's invitation to view the proceedings in this Court as including, by implication, matters which this Court never directly decided. If the District Court takes that broader view, those two remaining items could conceivably be of some use to it.

In conclusion, the Court finds that all but two of the Disputed Items were considered, at least to a limited extent, or are directly related to items the Court considered in relation to the Dismissal Order; and the Court believes that the District Court is the proper court to determine exactly how broad or narrow its proceedings will be in relation to this appeal. During the hearing on this matter, Infinite asked that the Court's order on the Motion be made a part of the Record on Appeal. The Court will so order. Therefore, it is

**ORDERED** that *Appellee OptinRealBig.com, LLC's Motion to Strike Certain Items Designated in the Record on Appeal by Appellant Infinite Monkeys & Co., LLC*, is DENIED. It is further

**ORDERED** that the oral request by Infinite Monkeys & Co., LLC, to include this order as part of the Record on Appeal is GRANTED. The Clerk is directed to include this order as part of the Record on Appeal that is transmitted to the District Court.

Dated this _10th_ day of July, 2006.

**BY THE COURT:**

_Howard Tallman_

Howard R. Tallman, Judge
United States Bankruptcy Court