UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| In re: ) | |
| ) | |
| OPTINREALBIG.COM, LLC, ) | Case No. 05-16304 HRT |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| In re: ) | Case No. 05-16340 HRT |
| ) | Chapter 11 |
| SCOTT ALLEN RICHTER, ) | |
| ) | Jointly Administered Case |
| Debtor. ) | No. 05-16304 HRT |
| ) | |

## ORDER ON AMERICAN FAMILY'S MOTION TO PARTICIPATE IN APPEAL AS ADDITIONAL APPELLEE

This case comes before the Court on *American Family's Motion to Participate in Appeal as Additional Appellee* (docket #435) [the "Motion"].

The Court held a hearing in this matter on June 27, 2006. The Court has reviewed the pleadings in this matter, including the Motion and *Infinite Monkey's Response in Opposition to American Family's Motion to Participate in Appeal* (docket #442) [the "Response"]. In addition, the Court has reviewed its file and considered the arguments of counsel.

On November 21, 2005, the Court held a hearing on the *Joint Motion of Debtors, OptinRealBig.com, LLC, and Scott Allen Richter, to Dismiss Case for Good Cause* ["Motion to Dismiss"]. Infinite Monkeys & Co., LLC, ["Infinite"] opposed the Motion to Dismiss. On April 4, 2006, the Court entered its *Order Dismissing Chapter 11 Cases* ["Dismissal Order"]. Infinite has appealed the Dismissal Order to the District Court [the "Appeal"]. American Family Mutual Insurance Company ["American Family"] seeks to participate in the Appeal despite the fact that it did not participate as a party in this Court's proceedings with respect to the Motion to Dismiss.

Prior to filing the Motion to Dismiss, the Debtor, Microsoft, and American Family participated in settlement negotiations that resulted in a tentative settlement of disputes among those three parties. The settlements entered into among the parties were contingent upon dismissal of the Debtors' chapter 11 bankruptcy cases and did not go into effect until the Dismissal Order was entered. American Family seeks to be added as an appellee in the Appeal because it is concerned that issues will be raised in the Appeal with respect to the confidentiality of its settlement agreement with the Debtors. If it is not allowed to participate as an appellee, American Family seeks to be allowed to file an amicus brief in the District Court.

ORDER ON AMERICAN FAMILY'S MOTION TO
PARTICIPATE IN APPEAL AS ADDITIONAL APPELLEE
Case No. 05-16304 HRT

This Court has previously considered a motion filed by the Debtors involving the proper composition of the Record on Appeal. In the course of reviewing that motion, this Court concluded that it is the prerogative of the District Court to control the proceedings which take place in that court. If anything, that principle applies with greater force when it comes to issues with respect to the addition of parties or the filing of an amicus brief.

Once a notice of appeal has been filed in a case, the general rule is that the trial court is divested of jurisdiction over the case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982). Bankruptcy cases are unique in that significant proceedings may take place in the case while a discrete issue is on appeal. Thus, the Bankruptcy Court still maintains some jurisdiction over issues not involved in the appeal process. *See* Rule 8005 FED. R. BANKR. P. When it comes to the pending appeal, the trial court's role is generally limited to the essentially ministerial function of assembling and transmitting the record designated by the parties. *See* FED. R. BANKR. P. 8006.

The issue raised by American Family with respect to the proper composition of the parties to the Appeal is an issue that must be addressed to the District Court. Certainly, appellate rules generally provide procedures for an appellate court to grant permission to file an amicus brief. *See generally* FED. R. APP. P. 29; 10th CIR. BAP L.R. 8016-1(e). With respect to designation of parties in a case, the parties are designated in the notice of appeal in the first instance. FED. R. BANKR. P. 8001. American Family has raised no issue with respect to the accuracy of Infinite's Notice of Appeal in terms of the parties involved in the proceeding in this Court. This Court does not possess the authority to enter an order as to the alignment of the parties to a proceeding taking place in another court. It is the privilege of the District Court to control the proceedings over which it presides. Therefore, it is

**ORDERED** that *American Family's Motion to Participate in Appeal as Additional Appellee* is denied without prejudice to American Family's right to raise that issue in the District Court.

Dated this 12th day of July, 2006.

BY THE COURT:

_____
Howard R. Tallman, Judge
United States Bankruptcy Court